UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGELA J. MELLONI,

                                   Plaintiff,

v.                                              Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC,

                                   Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Angela J. Melloni is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC, (hereinafter "Mercantile") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to Credit One Bank. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief, Defendant was employed by Credit One Bank to collect on the subject debt.

13. That in or about December, 2009, Defendant attempted to contact Plaintiff and left a message on Plaintiff's cellular telephone voicemail. In the subject message, Defendant states, among other things:

    A. "I need a return call to the offices of Lisa Barnett, in reference to an investigation with case number 12717636."
    B. "It's imperative I speak to you or your attorney in reference to this case by 7:00 p.m. Eastern Standard Time."
    C. "The number I can be contacted at is 1-866-839-7277 direct extension 3017."

14. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer," as that term is defined by law, would have understood said statements to imply that Defendant had commenced legal/adverse actions against Plaintiff or her property and would pursue such action unless Plaintiff submitted to Defendant's demands, including calling back before the deadlines arbitrarily set by Defendant.

15. That Defendant also failed in the aforesaid messages to give Plaintiff the required mini-Miranda warning that the communication was from a debt collector attempting to collect a debt.

16. That Defendant failed to send Plaintiff a 30-day validation notice within five days of the initial communication, and to this day, has still failed to send said validation notice.

17. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d(6), 15 U.S.C. §1692e, 15 U.S.C. §1692e(10), and 15 U.S.C. §1692e(14) by stating that Plaintiff needed to call back the offices of Lisa Barnett, as described in paragraph 13(A). The offices of Lisa Barnett was not the true name of the debt collector, and Defendant failed to disclose their true identity, Mercantile Adjustment Bureau. Such acts by Defendant were false, deceptive, and a misleading representation in an attempt to collect the subject debt.

    B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f by stating in their message to Plaintiff that Defendant was calling in reference to an investigation and gave a case number as described in paragraph 13(A) and that it was "imperative" that Plaintiff call back with information. Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer," as that term is defined by law, would have understood said statements to imply that Defendant had commenced legal/adverse actions against Plaintiff or her property and would pursue such action unless Plaintiff submitted to Defendant's demands, including calling back before the deadlines arbitrarily set by Defendant. Said action by Defendant was a false, deceptive, and misleading representation in an attempt to collect the subject debt because no legal action had been commenced against Plaintiff. Putting Plaintiff under the apprehension that legal/adverse actions would continue to be pursued against her was an unfair and unconscionable attempt to collect the subject debt because Defendant had neither the legal authority nor the intent to pursue such action.

    C. Defendant violated 15 U.S.C. §1692e(11) by failing to give Plaintiff the required mini-Miranda warning that the communication was from a debt collector attempting to collect a debt.

    D. Defendant violated 15 U.S.C. §1692g by failing to send the consumer a 30-day validation notice within five days of the initial communication.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

3

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 27, 2010

    /s/ Kimberly T. Irving_____
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      kirving@kennethhiller.com

4